DENNIS, Justice,
dissenting.
I respectfully dissent.
La.R.S. 32:414A provides that a person adjudged guilty of driving while intoxicated on a first offense shall receive a sentence in which his license will be suspended “for a period of sixty days.” The defendant violated that provision, received his sentence, but after the sixty day period and before he received a new license, he was found guilty of driving with a suspended license. The issue is whether the defendant in fact operated his car while his license was suspended, or whether he merely operated it during a period in which he was entitled to be reissued a new license, but never applied for one.
The opinion contends that under La.R.S. 32:414F the provisions of La.R.S. 32:414A are modified to extend the period of suspension to include the time transpiring between the end of the sixty days and the satisfaction of the financial responsibility law with the concomitant receipt of a new license. Thus, when the defendant was caught driving without a license within that extended period, he violated La.R.S. 32:415, which provides: “It shall be unlawful for any person to operate a motor vehicle . during a period of suspension ... of any license.”
I think a fairer reading of the statute indicates that the period of suspension ended upon the sixtieth day. Thereafter, the defendant drove merely without a license, not with a “suspended” license. To con *941 strue the statute in the manner of the opinion is to cause the period of sentence to extend until the defendant satisfies the financial responsibility law and receives a new license, an indeterminable time. In fact the period would necessarily be extended beyond the sixty days in accordance with administrative delays inherent in the reis-suance procedure. La.R.S. 32:414 and 415 cannot be read in this manner, for they seem to contemplate a definite period of suspension. I am fortified in this conclusion by the wording of La.R.S. 32:415B, which states: “Any period of suspension . shall automatically be extended for a period of one year from the date the licensee would otherwise have been entitled to apply for a new license.” This strongly implies that the sixtieth day is a day from which the offender is entitled to a new license, signifying that the period after the sixty days is not a suspension time.